UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORIE JEAN SPROUSE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:16-cv-00389 |
| AMERICOLLECT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, LORIE JEAN SPROUSE ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of AMERICOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a 53 year old natural person currently residing at 8686 N. Shore Drive, Bremen, Indiana, which is located within the Northern District of Indiana.

5. Plaintiff suffers from a variety of physical issues including back spurs, degenerative disk disease, sciatica, and an enlarged heart.  Due to her various conditions, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Since 1964, Defendant has been providing its clients with healthcare collections.  With a headquarters located at 1851 S. Alverno Road, Manitowoc, Wisconsin, Defendant states that it "is consistently collecting more than other agencies by doing the UN-thinkable – being RIDICULOUSLY NICE."[1]

8. Defendant is a Wisconsin corporation that is registered with the Wisconsin Secretary of State bearing entity identification number 1M12144 and is in the business of collecting the delinquent consumer debts of others, including medical debt allegedly owed by Plaintiff.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1968.[2]

---

[1] http://www.americollect.com/about/
[2] http://www.acainternational.org/memberdirectory.aspx

2

**FACTS SUPPORTING CAUSES OF ACTION**

11. Over the last several years, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers which she has been unable to pay. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. Due to her default, Plaintiff has been contacted by a number of different companies seeking money from her for medical debt. *See* Exhibit A.

13. In order to gauge her outstanding liabilities, Plaintiff pulled her credit report. Upon viewing the same, Plaintiff observed entries with Defendant's name. *Id.*

14. On June 1, 2016, Plaintiff looked up the telephone number for Defendant and called (920) 645-6025. Upon calling Defendant, Plaintiff was connected with a male representative named Jeremy. *Id.*

15. After Plaintiff provided Jeremy with her name and date of birth, he advised that Defendant was a debt collector and that the call was being recorded. *Id.*

16. Jeremy advised Plaintiff that she owed on 11 different accounts totaling $1,440.00 ("subject consumer debts"). Plaintiff was told that the subject consumer debts were from medical bills owed to X-Ray Consultants, Inc. ("XRC"). *Id.*

17. Upon information and belief, XRC turned the collection of the subject consumer debts over to Defendant following Plaintiff's default.

18. After hearing the number of accounts and dollar amount of the subject consumer debts, Plaintiff asked Jeremy if there were any settlement offers. Jeremy responded that there were not any settlement offers but presented Plaintiff with two different payment options. *Id.*

19. The first payment option was Plaintiff paying $480.00 a month. Option two was Plaintiff putting $720.00 down and making payments of $240.00 a month. *Id.*

3

20. Plaintiff informed Jeremy that she was unemployed and could not afford the payment options presented.  She further inquired as to what would happen if she could not pay the subject consumer debts.  *Id.*

21. Jeremy responded that Defendant's legal team would audit Plaintiff's account.  He further suggested that once Plaintiff was back working, Defendant would be able to garnish her wages through her employer.  *Id.*

22. Upon information and belief, neither Defendant nor XRC has initiated any legal proceedings against Plaintiff with respect to the subject consumer debts.

23. Concerned over her telephone call with Defendant, specifically the reference to garnishment, Plaintiff spoke with CLP regarding her rights.  *Id.*

24. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

25. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

26. Plaintiff has been misled and harassed by Defendant's collection actions, subjecting her to the threat of concrete harm.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The FDCPA states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The representation or implication that nonpayment of any debt will result in the arrest

4

> or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; The threat to take any action that cannot legally be taken or that is not intended to be taken; The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer."
> 15 U.S.C. §§1692e, e(4), e(5), and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

29.   Defendant violated 15 U.S.C. §§1692d, e, e(4), e(5), e(10), and f during the June 1, 2016 telephone call with Plaintiff.  During this call, Defendant specifically stated that if Plaintiff did not pay the subject consumer debts, once she went back to work her wages could be garnished.  At the time that Jeremy threatened Plaintiff with the possibility of garnishment, no legal action was pending regarding the subject consumer debts.  Therefore, Defendant's statement regarding garnishment was false and misleading.

30.   In order for Defendant to have the ability to legally garnish Plaintiff, it would first have to initiate legal proceedings against her and then obtain a judgment.  Plaintiff would have an opportunity to defend any lawsuit brought.   Not surprisingly, Defendant did not mention any of the procedures it would have to go through in order to garnish Plaintiff.  Rather, it simply made a generic and threatening statement regarding garnishment that was not legally possible.

31.   As an experienced and sophisticated debt collector that has been in existence for several decades, Defendant is acutely aware of the sensitive relationship between consumers and the possibility of garnishment.  Defendant intended to exploit this pressure point by telling Plaintiff she could be garnished.  The statement was made with the goal of coercing Plaintiff into paying the subject consumer debts.

32. Defendant's statement regarding garnishment reasonably served to harass Plaintiff. While Defendant's tone and demeanor during the telephone call may have been "RIDICULOUSLY NICE," the content of Defendant's statement did not follow the same course. Plaintiff asserts that Defendant routinely makes false and misleading statements to consumers during its debt collection activity.

33. The above conduct by Defendant was misleading, false, harassing, and unfair. As plead in paragraphs 23 through 26, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, LORIE JEAN SPROUSE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2016                    Respectfully Submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        David S. Klain, Esq. #66305
                                        Counsel for Plaintiff
                                        Admitted in the Northern District of Indiana
                                        Consumer Law Partners, LLC
                                        435 N. Michigan Ave., Suite 1609
                                        Chicago, Illinois 60611
                                        (267) 422-1000 (phone)
                                        (267) 422-2000 (fax)
                                        nate.v@consumerlawpartners.com
                                        davidklain@aol.com